UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS ALLEN PLANT,

        Petitioner,         Case Number: 2:16-CV-12897

v.         HONORABLE SEAN F. COX
        UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Douglas Allen Plant, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for two counts of armed robbery, and one count of possession of a firearm during the commission of a felony. Respondent has filed a motion to dismiss, arguing that the petition should be dismissed because it is untimely. The Court finds the petition for a writ of habeas corpus is untimely and grants Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability.

### II. Procedural Background

Following a jury trial in St. Clair County Circuit Court, Petitioner was convicted of two counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of felony

firearm, Mich. Comp. Laws § 750.227b.  On April 27, 2009, he was sentenced as a second habitual offender to 25 to 60 years' imprisonment for each of the armed robbery convictions, to be served concurrently with one another and consecutively to two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals arguing that insufficient evidence supported the felony-firearm conviction, the felony-firearm conviction was against the great weight of the evidence, and offense variables 1 and 2 were improperly scored.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  *People v. Plant,* No. 292368, 2010 WL 4908277 (Mich. Ct. App. Dec. 2, 2010).  Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On February 3, 2015, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion on June 4, 2015.  6/4/15 Order, ECF No. 6-12.  Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. Plant*, No. 328040 (Mich. Ct. App. Aug. 19, 2015).  The Michigan Supreme Court also denied Petitioner's application for leave to appeal.  *People v. Plant*, 499 Mich. 983 (Mich. July 26, 2016).

Petitioner filed the pending habeas petition on August 1, 2016.

### III.  Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions.  *See* 28 U.S.C. § 2244(d)(1).  A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) & (D).  The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period.  28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007).  A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The Michigan Court of Appeals denied Petitioner's direct appeal on December 2, 2010.  Michigan court rules allowed Petitioner 56 days to apply for leave to appeal to the Michigan Supreme Court.  *See* Mich. Ct. R. 7.305(C)(2).  Petitioner had until January 27, 2011, to file an application to appeal in the Michigan Supreme Court.  Because Petitioner failed to file an application for leave to appeal in the Michigan Supreme Court, the one year limitations began to run on January 28, 2011.  The limitations period continued to run, uninterrupted, until it expired on January 28, 2012.

Petitioner's motion for relief from judgment did not toll the limitations period.

3

The motion was filed on February 17, 2015, over three years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Petitioner argues that his petition is not subject to the one-year limitations period because his double jeopardy and sufficiency of the evidence claims are jurisdictional in nature. He claims that challenges to a court's jurisdiction can be raised at any time. Federal courts on habeas review have consistently held that AEDPA does not provide an exception to the one-year statute of limitations for claims that a state court lacked jurisdiction. *See Frazier v. Moore*, 252 F. App'x 1, 4-5 (6th Cir. 2007). *See also Jones-Bey v. Alabama*, No. 2:14-cv-00376, 2014 WL 1233826, at *2 (N.D. Ala. March 25, 2014) (unpublished) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked jurisdiction."); *Umbarger v. Burt*, No. 1:08-cv-637, 2008 WL 3911988 (W.D. Mich. Aug. 19, 2008) (same); *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D. S.C. 2007) (same).

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner does not argue that he is entitled to equitable tolling of the limitations period, nor does the Court see a basis for equitable tolling.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (ECF No. 5) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.


Dated: March 23, 2017             s/Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Judge


I hereby certify that on March 23, 2017, the foregoing document was served on counsel of record via electronic means and upon Douglas Plant via First Class mail at the address below:

DOUGLAS PLANT 162320
G. ROBERT COTTON CORRECTIONAL FACILITY
3510 N. ELM ROAD
JACKSON, MI 49201

                                  s/J. McCoy
                                  Case Manager

6